UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| LATREKA JONES<br><br>        Plaintiff,<br><br>v.<br><br>GERALD M. BAKER, Wake County Sheriff,<br>and JET INSURANCE COMPANY,<br>as surety,<br><br>        Defendants. | Civil Action No. 5:22-cv-28<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, LaTreka Jones ("Ms. Jones" or "Plaintiff"), hereby complains and alleges against Defendant Gerald M. Baker the following:

## INTRODUCTION

1. Defendant Baker's surety bond is listed as a Defendant as required by North Carolina Law; however, the word "Defendant" shall apply to the actor (Sheriff Gerald M. Baker) as used in the pleading.

2. Plaintiff brings this action against Defendant for violations of the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. for interference and retaliation, and for violation of the Families First Coronavirus Response Act.

3. This is also a claim for violation of the Americans with Disabilities Act, discrimination based on association, pursuant to Section 102(a) and (b)(4) of the ADA.

4. Defendant violated Plaintiff's rights by failing to return her to the position she held prior to taking her leave under the Family and Medical Leave Act and for terminating her in

1

retaliation for exercise her right to take federally protected leave. In addition, Defendant discriminated against Plaintiff based on her association with her disabled son and violated her rights under the Families First Coronavirus Response Act by retaliating against her under the Act.

5. Defendant may not delegate to another person the final responsibility for discharging his official duties, but may appoint a deputy or employ others to assist him in performing his official duties. Therefore, this party is the appropriate Defendant for acts committed directly by Defendant, as well as those committed by others assisting him in the performance of his official duties.

## THE PARTIES

6. Plaintiff is a citizen of the United States subject to the jurisdiction of this Court.

7. Defendant Baker is being sued in his official capacity. Upon information and belief, Defendant Baker is, and at all times relevant to this action, was mentally competent, more than eighteen years of age, not in military service, *sui juris*, and a citizen and resident of Wake County, North Carolina; and is, and all relevant times was, the duly elected and inducted Sheriff of Wake County; in control of the Wake County Sheriff's Office and Detention Center; the final decision making authority over law enforcement policies and personnel of his office; directly responsible for the appointment, retention, training, supervision and conduct of his deputies, employees, and agents; acting in the course and scope of his official duties as Sheriff of Wake County and under color of state law; and vicariously liable for the actions of his agents, employees, officers, managers, supervisors, jailers and/or deputies.

8. Upon information and belief, Jet Insurance Company ("Surety") is an insurance company authorized in the State of North Carolina to conduct the business of insurance of

providing of surety bonds for public officials; and Surety provided a Sheriff's Bond for the induction of Defendant Baker into the Office of Sheriff of Wake County pursuant to N.C. Gen. Stat. § 162-8 and N.C. Gen. Stat. § 58-72-5 which was in full force and effect at all relevant times.

## JURISDICTION AND VENUE

9. This action arises under federal statutes including the Family and Medical Leave Act, Families First Coronavirus Response Act, and the Americans with Disabilities Act. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because claims brought herein constitute a federal question under the laws of the United States.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district and is subject to personal jurisdiction in this district for the purposes of this action.

11. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (a redacted copy of that Charge is attached hereto as Exhibit A). On October 18, 2021 Plaintiff received a Dismissal and Notice of Rights (a redacted copy of that Notice is attached hereto as Exhibit B).

12. Plaintiff filed the instant lawsuit within 90 days of receiving the Notice of Rights.

## WAIVERS OF IMMUNITY

13. Plaintiff incorporates by reference and re-alleges the allegations in preceding paragraphs as though fully set forth herein.

14. Defendant Baker furnished a bond secured by Surety pursuant to N.C. Gen. Stat. § 162-8 and Surety is a named Defendant party to this action, as required by N.C. Gen. Stat. § 58-72.5.

15. Upon information and belief, Defendant Baker, in his official capacity in his office of Sheriff of Wake County, and any and all agents, employees, officers, jailers and/or deputies, waived any sovereign or governmental immunity that could have been raised to Plaintiff's complaint by virtue of Surety's bond.

16. Upon information and belief, Defendant Baker and his deputies, jailers, and agents and employees waived or further waived any sovereign or governmental immunity to the extent they had in force at all relevant times, plans of insurance entered pursuant to N.C. Gen. Stat. § 153A-435 and/or participation in a local government risk pool pursuant to N.C. Gen. Stat. § 58-23, to cover acts, omissions, negligence and/or misconduct as alleged hereinafter by Plaintiff.

## FACTUAL ALLEGATIONS

17. Ms. Jones was an individual employed by Defendant as a Detention Officer, whose employment began on or about October 16, 2015.

18. Ms. Jones was qualified for her position, and she performed her job in a diligent and skillful manner.

19. Ms. Jones' son, Dion, suffers from a disability requiring that she take time off to care for him and take him to medical appointments as necessary.

20. Beginning in 2018, Ms. Jones sought and was approved for intermittent leave under the Family and Medical Leave Act to care for her son. The leave was needed intermittently to take Dion to his medical appointments and care for him.

21. In August 2020 Ms. Jones' mom suffered a stroke and beginning September 14, 2020, she began leave under the FMLA to care for her. She remained off work from September 14, 2020 until on or about November 18, 2020.

22. When Ms. Jones returned from her FMLA leave, she faced hostility from

Defendant, and she was immediately placed in a less-desirable position. Indeed, she was placed in the housing location. She had not been placed in housing as a daily assignment since becoming a Field Training Officer.

23. Defendant also questioned Plaintiff about her need for the leave, questioning where her mother lived and whether she was really caring for her. Defendant's attitude toward Plaintiff was hostile.

24. Defendant made it clear that Ms. Jones' taking her leave under the FMLA was not looked favorably upon.

25. Dion's condition requires that he have infusion treatments, which are pre-scheduled.

26. Ms. Jones provided notice to Defendant that she would be utilizing her intermittent FMLA leave to take Dion to his infusion appointment on December 30 and 31, 2020. The notice was provided several weeks in advance of the appointment, and she was told by her supervisor that the time off was approved.

27. Upon return from her FMLA leave to care for her mother, during the meeting in which she was questioned about taking the leave, Defendant asked that Plaintiff reschedule her son's medical appointments or have someone else take him.

28. Ms. Jones could not reschedule the appointments as they are necessary for her son's condition and were scheduled in advance.

29. Despite having already received approval for the time off, on December 11, 2020 Defendant notified Ms. Jones that her request for FMLA leave to take her son to his appointment was denied. She was told other employees also requested that time off and it would not be approved.

30. Unfortunately, on or about December 21, 2020 Ms. Jones' other son tested positive for COVID -19.

31. She promptly notified Defendant of the positive test result and need to remain off work and in quarantine. She was instructed to contact a nurse hotline, which she remained in contact with for the duration of her quarantine.

32. On December 29, 2020, Ms. Jones' second son tested positive for COVID-19, requiring her to remain in quarantine. She reported the result to The Covid Hotline as instructed by management.

33. She was directed to take a retest on January 12, 2021 and was told she would need to remain out of work for 14 days.

34. Unfortunately, both of Ms. Jones' children had positive COVID-19 test results and she was told she would need to retest on January 26, 2021 before she could return to work.

35. She notified Defendant of the instructions from the nurse and need to remain in quarantine to care for her children. She was not given any instructions from Defendant and was not informed that she was in jeopardy of losing her position.

36. Despite having to remain off until January 26, 2021, Defendant terminated Ms. Jones from her position on January 14, 2021.

37. Defendant was aware that Ms. Jones could not work due to her sons' COVID-19 diagnosis.

38. Plaintiff has sustained damages as a result of Defendant's unlawful conduct as outlined above.

## FIRST CLAIM FOR RELIEF
**Family and Medical Leave Act (Interference)**

39. Plaintiff incorporates by reference the preceding paragraphs.

40. Defendant is an employer covered by the Family and Medical Leave Act pursuant to 29 USC 2601 et seq.

41. At all relevant times, Plaintiff was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR 825.114.

42. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Plaintiff's rights provided under the Act.

43. Defendant's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to her position and the right to be free from threats and harassment for exercising her rights under the law.

44. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

45. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity, loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

## SECOND CLAIM FOR RELIEF
**Family and Medical Leave Act (Retaliation)**

46. Plaintiff hereby incorporates by reference the preceding paragraphs.

47. Defendant is an employer covered by the Family and Medical Leave Act pursuant to 29 USC 2601 et seq.

48. At all relevant times, Plaintiff was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR 825.114.

49. Plaintiff was entitled to take leave under the Act, which she did.

50. Defendant engaged in prohibited conduct under the FMLA by retaliating against Plaintiff for exercising her right to take leave by subjecting her to a hostile environment and for terminating her from her position.

51. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

52. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity, loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

**THIRD CLAIM FOR RELIEF**
**Americans with Disabilities Act**
**(Associational Discrimination)**

53. Plaintiff hereby incorporates by reference the preceding paragraphs.

54. At all times material hereto, Plaintiff was an employee and Defendant was her employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a).

55. Plaintiff's son is an individual with a disability.

56. Defendant was aware of Plaintiff's need to care for her disabled son.

57. Plaintiff's association with her disabled son was a factor that made a difference in Defendant's decision to terminate her employment in violation of Section 102(a) and (b)(4) of the

ADA.

58. Defendant was predisposed to discriminate on the basis of Plaintiff's association to her disabled son and acted in accordance with that predisposition.

59. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

60. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions and privileges of employment were adversely affected.

61. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

## FOURTH CLAIM FOR RELIEF
**Families First Coronavirus Response Act Retaliation**

62. Plaintiff brings this Count against Defendant for violations of the FFCRA for retaliating against Plaintiff by discharging her for requesting and taking paid sick leave due to her Covid-19 diagnosis.

63. An employer who discharges, disciplines, or discriminates against an employee in the manner described in 29 C.F.R. § 826.150(a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217. § 826.150 (b)(2).

64. Defendant violated the FFCRA when he discharged Plaintiff due to an FFCRA-qualifying reason.

65. Defendant's violation was willful.

66. As a direct result of Defendant's violation of the FFCRA, Plaintiff suffered the loss of compensation in the form of unpaid minimum wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LaTreka Jones, respectfully request this Court enter judgment in her favor and grant them the following relief:

(1.) Order Defendant to compensate Plaintiff, reimburse her, and make her whole for any and all pay and benefits she would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary/pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

(2.) Award Plaintiff any and all other compensatory damages to make her whole for Defendant's illegal actions, including for emotional distress / pain and suffering;

(3.) Award Plaintiff liquidated damages for Defendant's willful violations;

(4.) Order Defendant to pay punitive damages to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

(5.) Award Plaintiff all reasonable costs and attorneys' fees incurred in connection with this action;

(6.) Award Plaintiff pre-judgment and post-judgment interest;

(7.) Order that the costs of this action be taxed against Defendant;

(8.) Award Plaintiff such other and further equitable and legal relief as available and appropriate under the circumstances; and

(9.) Grant Plaintiff a trial of this matter by a jury.

Respectfully submitted,

*/s/ Michael C. Harman*
Michael C. Harman
**Harman Law**
16507 Northcross Drive, Suite B
Huntersville, North Carolina 28078
Telephone: 704.885.5550
E-Mail: michael@harmanlawnc.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed via the Court's CM/ECF system on January 31, 2022 and certify that the foregoing has been sent via first class mail, postage prepaid, to the following:

Gerald M. Baker
330 S. Salisbury Street
Raleigh, NC 27601

Jet Insurance Company
11440 Carmel Commons Boulevard, Suite 207
Charlotte, NC 28226

Respectfully submitted this the 31st day of January, 2022.

                                                            /s/ Michael C. Harman
                                                            Michael C. Harman
                                                            Attorney for Plaintiff